**CT Corporation**

**Service of Process Transmittal**
03/18/2022
CT Log Number 541249904

**TO:** Nora FitzGerald Meldrum, Associate General Counsel, Litigation
Haier US Appliances Solutions, Inc.
BUECHEL BANK RD.
LOUISVILLE, KY 40225-0001

**RE:** **Process Served in Kentucky**

**FOR:** PRODUCT DISTRIBUTION COMPANY  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LORENE SMITH // To: PRODUCT DISTRIBUTION COMPANY |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22CV4 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/18/2022 at 15:14 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Dyane Walker  dyane.walker@geappliances.com |
| | Email Notification,  Maria Cleary  maria.cleary@geappliances.com |
| | Email Notification,  Nora FitzGerald Meldrum  nora.meldrum@geappliances.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CIRCUIT COURT OF CHESTER COUNTY, TENNESSEE
333 ERIC BELL DR., HENDERSON, TN 38340
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT HENDERSON

3-18-22
2:00pm
vp

## SUMMONS IN CIVIL ACTION

Docket No. 22-CV-4

- ● Lawsuit
- ○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| LORENE SMITH | VS | AHMAD SHAWQI, COAST TO COAST TRANSPORTATION, LLC, and PRODUCT DISTRIBUTION COMPANY |
| Plaintiff(s) | | Defendant(s) |

COPY

TO: (Name and Address of Defendant (One defendant per summons))

| | Method of Service: |
|---|---|
| Product Distribution Company<br>c/o Registered Agent:<br>CT Corporation System<br>306 W. Main St., Suite 512<br>Frankfort, KY 406015 | ○ Certified Mail<br>○ Shelby County Sheriff<br>○ Commissioner of Insurance ($)<br>○ Secretary of State ($)<br>○ Other TN County Sheriff ($)<br>● Private Process Server<br>○ Other |

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on David A. Siegel, Esq.          Plaintiff's

attorney, whose address is 488 South Mendenhall Rd., Memphis, TN 38117

telephone 901-462-3552          within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JUSTIN EMERSON , Clerk /

TESTED AND ISSUED   2-18-22          By _____ , D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I,   JUSTIN EMERSON          , Clerk of the Court, Chester County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JUSTIN EMERSON , Clerk /          By: _____ , D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                        Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

## IN THE CIRCUIT COURT OF CHESTER COUNTY, TENNESSEE
## FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT HENDERSON

**LORENE SMITH**

    **Plaintiff,**

**v.**

No. _22-cv-4_

Div.: _III_

**AHMAD SHAWQI,**
**COAST TO COAST TRANSPORTATION, LLC,**
**and PRODUCT DISTRIBUTION COMPANY**

    **Defendants.**

**JURY DEMANDED**

FILED
TIME: _9:50_ AM/PM.
FEB 18 2022
Circuit Court Clerk

### COMPLAINT FOR AUTOMOBILE NEGLIGENCE

**TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF CHESTER COUNTY, TENNESSEE FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT HENDERSON:**

    **COMES NOW** your Plaintiff, Lorene Smith, and for cause of action against the Defendants, herein respectfully charges and avers as follows:

### JURISDICTION AND VENUE

    1.    Plaintiff, Lorene Smith, respectfully alleges that she is an adult resident citizen of Henderson, Chester County, Tennessee.

    2.    Upon information and belief, Plaintiff alleges that Defendant, Ahmad Shawqi, is an adult resident citizen of Louisville, Jefferson County, Kentucky residing 4600 Coffee Tree Lane, Louisville, KY 40299.

    3.    Upon information and belief, Plaintiff alleges that Defendant, Coast to Coast Transportation, LLC, is a limited liability company, with its principal offices located at 12817 Bay Tree Way, Louisville, KY 40245. This Defendant can be served through its registered agent,

Sherif Elharis, 12817 Bay Tree Way, Louisville, KY 40245.

4.    Upon information and belief, Plaintiff alleges that Defendant, Product Distribution Company, is a corporation, with its principal offices located at 3925 Produce Road, Louisville, KY 40218. This Defendant can be served through its registered agent, CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

5.    Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile wreck which occurred in Chester County, Tennessee, on or about February 26, 2021. Said wreck is the subject matter of this cause of action and defendants are therefore, subject to the jurisdiction, venue, and service of process of this Honorable Court.

## FACTS

6.    Plaintiff alleges that all times material hereto, Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, were the registered owners of the vehicle driven by Defendant, Ahmad Shawqi. At all times pertinent to the allegations set forth in this Complaint, Ahmad Shawqi was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, knowledge, or approval of Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, and/or was operating same within the purview of the Family Purpose Doctrine. Thus, Plaintiff relies upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the Doctrines of Respondeat Superior and Agency, as well as the Family Purpose Doctrine, whereupon Plaintiff would allege that every act of negligence as alleged herein against Defendant, Ahmad Shawqi, is imputed to Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, and they are liable to Plaintiff for her resulting injuries and damages.

2

7.      Plaintiff alleges that on or about February 26, 2021, at approximately 9:30 a.m., plaintiff was a passenger in a 2008 Chevrolet Colorado traveling in a southbound direction on State Rt. 22A and slowing down to make a left turn onto Jones Road, in Chester County, Tennessee, in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

8.      Plaintiff further alleges that at same said time and location, the Defendant driver, Ahmad Shawqi, was operating a 2013 Kenworth Construction Construct T600, owned by Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, in a southbound direction on State Rt. 22A, directly behind the vehicle in which Plaintiff was a passenger.  When suddenly, negligently, and without any warning, Defendant driver, Ahmad Shawqi failed to maintain a safe lookout, causing the front of the vehicle he was operating to collide with the rear of the vehicle in which Plaintiff was a passenger.

9.      Plaintiff further alleges that the impact between the vehicles resulted in Plaintiff's injuries and damages which were the direct and proximate result of the negligence of the defendant, Ahmad Shawqi and should be imputed to Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, to-wit.

10.     Plaintiff further alleges that Tennessee Farmers Mutual Insurance Company is the uninsured/underinsured motorist insurance carrier, which may be served by delivering a copy of the Summons and Complaint to the Tennessee Commissioner of Insurance located at 500 James Robertson Parkway, Davey Crockett Towers, 5th Floor, Nashville, Tennessee 37243.

## NEGLIGENT ACTS AND/OR OMISSIONS

11.     Plaintiff alleges that defendant, Ahmad Shawqi, was guilty of the following acts of common law negligence and/or recklessness, which were a direct and proximate cause of the

3

Plaintiff's resulting damages and injuries and should be imputed to Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, to-wit:

a. In negligently failing to use that degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

b. In negligently failing to keep his vehicle under proper control;

c. In negligently failing to maintain a proper lookout ahead;

d. In negligently failing to devote full time and attention to the operation of the vehicle; and

e. In negligently failing to avoid a collision when the defendant knew and/or should have known that a collision was imminent;

f. In negligently failing to adequately and reasonably monitor the flow of traffic;

g. In negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

h. In following too closely;

i. In negligently failing to yield to the Plaintiff; and

j. In negligently failing to warn the Plaintiff.

12. Plaintiff alleges that defendant, Ahmad Shawqi, was likewise guilty of violating code sections of the Tennessee Code Annotated, including but not limited to the following Sections, each and every one of which were in full force and effect at the time and place of said collision, constituting negligence *per se*, which were a direct and proximate cause of your plaintiff's personal injuries, and should be imputed to Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company, to-wit:

**Section 55-8-103**    ***Required obedience to traffic laws* –**
*It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act*

4

forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

**Section 55-8-124**     **Following too closely -**
(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway

**Section 55-8-136**     **Drivers to exercise due care –**
(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

**Section 55-10-202**     **Operating a vehicle contrary to law –**
(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.

**Section 55-10-205**     **Reckless Driving**
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

13.     Plaintiff alleges that the violation of the above Tennessee Statutes constitutes negligence *per se* on behalf of the defendant, Ahmad Shawqi and should be imputed to Defendants, Coast to Coast Transportation, LLC and/or Product Distribution Company .

## INJURIES

14.     Plaintiffs allege that as a direct and proximate result of the herein above described negligent acts of the Defendants that the plaintiff, Lorene Smith, was caused to suffer and incur the following injuries and damages, including but not limited to, left rib fractures, cervical strain, head and left leg pain.

a.      Plaintiff, Lorene Smith, alleges that she has endured pain and suffering and may continue to suffer from the injuries arising out of the subject wreck.

b.      Plaintiff, Lorene Smith, alleges that she has incurred medical expenses in connection with the incident alleged in the complaint and further alleges that she will incur said expenses in the future.

c.      Plaintiff, Lorene Smith, alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present, and future.

d.      Plaintiff, Lorene Smith, alleges that she has sustained mental anguish as a result of the subject wreck, past, present, and future.

e.      Plaintiff, Lorene Smith, further alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendants, she sustained loss of earnings and/or loss of earning capacity, past, present, and future, and same for same.

f.      Plaintiff, Lorene Smith, further alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendants, she sustained property damage and loss of use damages related to the 2008 Chevrolet Colorado.

## RELIEF SOUGHT

6

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF,** Plaintiff, Lorene Smith, respectfully sues the defendants, Ahmad Shawqi and Defendants, Coast to Coast Transportation, LLC, and Product Distribution Company, for a reasonable amount of restitution and compensation for damages to be determined by a jury in an amount not to exceed the sum of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully pray for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

David A. Siegel
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee  38117
Phone:  (901) 462-3352
Email:  dsiegel@nstlaw.com

7

## IN THE CIRCUIT COURT OF CHESTER COUNTY, TENNESSEE
## FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT HENDERSON

**LORENE SMITH**

    **Plaintiff,**

**v.**

**AHMAD SHAWQI,**
**COAST TO COAST TRANSPORTATION, LLC,**
**and PRODUCT DISTRIBUTION COMPANY**

    **Defendants.**

No. 22-CU-4

Div.: III

JURY DEMANDED

FILED
TIME: 9:50 AM. PM.

FEB 18 2022

Circuit Court Clerk

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANTS COAST TO COAST TRANSPORTATION, LLC, and PRODUCT DISTRIBUTION COMPANY

**COMES NOW** the Plaintiffs, pursuant to Rule 33 and Rule 34 of the Tennessee Rules of Civil Procedure, and propounds the following Interrogatories to the defendants, ***Coast to Coast Transportation, LLC and Product Distribution Company.***, to be answered by defendants fully, under oath, and within the time period prescribed by law.

### INTRODUCTORY STATEMENT

In answering each interrogatory:

As used in these interrogatories, the terms listed below shall be defined as follows:

"Person" means any natural person, firm, association, partnership, governmental agency or other legal entity unless indicated otherwise.

"Document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages,

memoranda, notes, notations, work papers, transcripts, minutes, reports, drawings, blueprints, and tape recordings of any type or size, and recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, statistical reports, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output microfilms, and all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

The word "or" means "and/or;" also, the word "and" means "and/or."

"Written communication" means, without limitation, correspondence, letters, and telegrams whether received or not.

"Oral communication" means both telephone and face to face communication.

"Describe with exact specificity" is a request that when appropriate, the answer contain the details specified in sub-paragraphs 1 through 6 below, including the identification of all documents, written communications and oral communications relied upon or relevant thereto. If any such details are required in answering more than one interrogatory, repetition is not necessary, providing Defendant supplies complete detail in its answer to one interrogatory and in subsequent answers refers to the page and line number at which the detail was previously supplied.

1.      As to each course of action or conduct referred to, a statement of each act, event, transaction, occasion, incident or matter claimed to be part of the course of action or conduct including:

(a)      The date, time and place when it occurred;

(b)      The identity of each person participating, and a statement of who such

2

person purported to represent; and,

    (c)    A statement of the subject matter.

2.    As to each person referred to, a statement of his name, occupation, last known address, and last known employment.

3.    As to each "document" (other than a written communication) mentioned or referred to in the answer, a statement of:

    (a)    Its nature, i.e., contract, memorandum, report, recording, transcription, etc;

    (b)    Its title, if any;

    (c)    The date it was prepared;

    (d)    The identity of each person who prepared and/or participated in its preparation and/or signed it;

    (e)    Who each of the persons referred to in (d) purported to represent;

    (f)    Its subject matter; and,

    (g)    The name and last known address of the person who presently has custody of it.

4.    As to each "written communication", a statement of:

    (a)    Its nature, i.e., letter, memorandum, etc;

    (b)    The date it was signed or sent;

    (c)    The date it was received;

    (d)    The identity of the person to whom it was sent;

    (e)    The identity of any person sent a copy;

    (f)    Who each such person purported to represent;

    (g)    The subject matter of the communication; and,

    (h)    The name and last known address of the person who presently has custody

of it.

5.    As to each "oral communication" mentioned or referred to in the answer, a statement of:

      (a)    The persons involved;

      (b)    The date on which it occurred;

      (c)    Where it occurred or if a telephone conversation, the place at which each person involved was located; and,

      (d)    What was said by each person involved.

6.    The name, last known address, official position of each and every person who supplied the person answering these interrogatories with any of the information contained in the answer to the interrogatory.

Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning and consistency to its context.  By way of illustration and not by way of limitation, the singular may be construed to include the plural, the plural the singular, and the use of any gender or tense may be construed to include all genders and tenses.

Each interrogatory is intended to and does, request that each and every part and particular thereof be answered as though it were the subject of, and were asked by, a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1**:    Please state the identity, title, and address of the person and/or persons answering these Interrogatories for and on behalf of defendant.

**INTERROGATORY NO. 2:**    Please state whether defendant, Ahmad Shawqi, was an employee or lessee of your company at the time of the accident in question.  Please furnish his social security number, his driver's license number, the state or states in which he

received his commercial driver's license and the exact name of his employer and supervisor on the date of the subject accident, February 26, 2021.

**INTERROGATORY NO. 3:**        Please state the capacity in which defendant, Ahmad Shawqi, was employed by your company or leased or operated the subject truck on or about February 26, 2021, and provide his date of employment or leasing agreement, job description, how he was paid, whether salary and/or commissioned and his rate of pay, and whether or not he was on your company's business at the time of the accident in question.

**INTERROGATORY NO. 4:**        Please state whether your company has ever suspended, disciplined, and/or in any way reprimanded your employee or lessee, Ahmad Shawqi, during the time of his employment or association with Coast to Coast Transportation, LLC and/or Product Distribution Company,   If your answer is in the affirmative, please state the name, address, and telephone number of each person who has possession of said file and/or records.

**INTERROGATORY NO. 5:**        If your company contends that any person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint, state the factual basis for your company's contention that the person, entity, or thing contributed to cause the incident, injuries, and/or losses described in the Complaint; identify by name, address, and telephone number each person who has knowledge or claims to have knowledge of any such facts; and state the name and address of any expert you expect to use to support these contentions.

**INTERROGATORY NO. 6:**        On the date of the accident in question, please state the exact business route that your company's employee or lessee, Ahmad Shawqi, was instructed to follow in performing his duties for your company.

**INTERROGATORY NO. 7**:      Please state whether your company maintains a file, including electronically stored information, concerning the accident in question, which is the subject of this litigation.  If your answer is in the affirmative, please state the name, address, and telephone number of each person who has possession of said file and/or records.

**INTERROGATORY NO. 8**:      Please state whether your company maintains a file concerning repairs and/or maintenance on the subject Freightliner truck involved in the accident described in the lawsuit herein.  If your answer is in the affirmative, please state the name, address, and telephone number of each person who has possession of said file and/or records.

**INTERROGATORY NO. 9**:      Please state whether or not the subject Freightliner truck involved in the accident in question was operating correctly on the date of the accident in question and/or whether same was defective in any manner.  If same was defective, please list each and every defect in said vehicle at the time of the accident in question.

**INTERROGATORY NO. 10**:      Please describe in detail the damage sustained by the vehicle being operated by defendant, Ahmad Shawqi, at the time of the accident in question.  Please state in monetary sums the amount of damage to vehicle.  If said vehicle was repaired, please provide the name, address, and telephone number of the individual or company making said repairs.

**INTERROGATORY NO. 11**:      Please give the name, address, and telephone number of any person that your company knows has knowledge of the facts of the accident in question, and with regard to the collision upon which the present suit is based, state the names and addresses of any and all persons who, to your company's knowledge or belief, witnessed the accident in question, to your company's knowledge, or belief, were present at the scene of this accident immediately before and after its occurrence at the time within four (4) hours before and following its occurrence were within sight or hearing of the accident, were witnesses to any of

the events leading up to the accident or the subsequent investigation and related cause for the day in question.  Please state the facts or relevant information that person and/or witness is believed to have knowledge of.

**INTERROGATORY NO. 12:**   State the name, address, and telephone number of each person whom your company expects to call as an expert witness at the trial of this cause. With regard to each such expert witness identified, state the subject matter on which the expert is expected to testify, the subject of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.  *(NOTE THAT PLAINTIFF WILL OBJECT TO THE USE AT TRIAL OF ANY EXPERT NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY AND PURSUANT TO FEDERAL RULE 26.)*

**INTERROGATORY NO. 13:**   Please state whether any photographs were taken of the accident scene in question and/or of the Freightliner truck your company's employee or lessee was operating at the time of the accident in question and/or of the vehicle that plaintiff, Kristen Renee Tolliver, was operating at the time of said accident.  If your answer is in the affirmative, please state the name, address, and telephone number of each person who has possession of said photographs.

**INTERROGATORY NO. 14:**   Please state whether your company took any written statements from anyone concerning the facts of the accident in question.  If your answer is in the affirmative, please state the name, address, and telephone number of each individual.

**INTERROGATORY NO. 15:**   At the time of the accident in question, please state whether the Freightliner truck  involved in the subject accident  was equipped with an on-board computer, and/or an Electronic Control Module (ECM), commonly known as a "black box", capable of providing the defendant driver's speed, daily engine usage, trip activity and/or deceleration report, and if so, please provide the exact whereabouts of the subject ECM, the

7

name and address of the individual who possesses the subject ECM, and provide the pertinent copy of such information, including electronically stored information, and any data that was extracted or downloaded pursuant to Plaintiffs' Requests for Production of Documents.

**INTERROGATORY NO. 16:**     Please state with exact specificity whether your company monitors its trucking employees or lessees, including but not limited to Ahmad Shawqi, with a "satellite location" system which allows your company to track driving activities. If your answer is in the affirmative, please describe with exact specificity details of the information extracted or downloaded and provide the name of the individual who possesses the report of this information.

**INTERROGATORY NO. 17:**     Did the subject Freightliner vehicle carry any load at the time of the subject accident?  If your answer is in the affirmative, please state the nature thereof, its location in the vehicle, what happened to it at impact, what injury or damage it caused, and the person or entity for whom the load was being delivered.

**INTERROGATORY NO. 18:**     Describe the subject Freightliner truck, which was involved in said collision, giving the model, make and body type of the vehicle owned by your company involved in said collision, describing in detail any markings on the vehicle involved in this collision consisting of legends painted thereon concerning ownership, operation, weight, license, or registration, Department of Transportation (DOT) number, and providing the location on the vehicle, describing all license and/or registration plates carried on the vehicle involved in the collision, stating if the vehicle involved in this collision was being operated under a permit, franchise, or other legal authority granted by a national, state or local government unit, and if so, describe and explain, and providing the exact dimensions of the subject truck, including the height, length, width, and the unloaded weight of said truck

**INTERROGATORY NO. 19:**      Does Coast to Coast Transportation, LLC and/or Product Distribution Company, promulgate, distribute, and require the adherence to, any rules and regulations, with relation to the operation of motor vehicles on its behalf?  If your answer is in the affirmative, please identify these items and state the current location thereof.

**INTERROGATORY NO. 20:**      Please identify, in chronological order, each place to which Ahmad Shawqi traveled on the accident date, and as to each, please set forth the name of the company located at said place, if said place is a business; if the place is a residence, the name of each person living at said residence; Ahmad Shawqi's approximate arrival and departure time at said place; the purpose of said stop at said place.

**INTERROGATORY NO. 21:**      If your company contends that the Plaintiff caused or contributed to this accident, please set forth all facts known to your company, or anyone acting in your company's behalf, which your company contends supports or corroborates said allegation or defense; the name, business and residence address, and telephone number of each person known to your company who claims to have knowledge regarding any such facts; and an identification of each and every writing relating to such contention.

**INTERROGATORY NO. 22:**      Does Coast to Coast Transportation, LLC and/or Product Distribution Company, promulgate, distribute, and/or require the adherence to, any rules and regulations, with relation to the maintaining of a "driver's log" (evidencing the route taken and/or customers to be called on) by its employees.  If your answer is in the affirmative, please identify these items and state the current location thereof.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**      If your answer to Interrogatory No. 4 is in the affirmative, please produce a photocopy of any and all documents, including any electronically stored information, of said reprimands and/or disciplinary actions.

**REQUEST NO. 2**:        With respect to your answer to Interrogatory No. 6, please produce a photocopy of any and all written job descriptions or logs prepared by either the company or Ahmad Shawqi, evidencing the routes to be taken by Ahmad Shawqi and/or customers to be called on the date of the subject accident.

**REQUEST NO. 3**:        If your answer to Interrogatory No. 7 is in the affirmative, please produce a photocopy of any and all documents contained in said file, including any electronically stored information, relative to the subject accident.

**REQUEST NO. 4**:        If your answer to Interrogatory No. 8 is in the affirmative, please produce a photocopy of said file concerning repairs and/or maintenance on the freightliner truck Ahmad Shawqi was operating at the time of the subject accident, both prior and subsequent to February 26, 2021.

**REQUEST NO. 5**:        With respect to your answer to Interrogatory No. 10, please produce a legible photocopy of any and all repair estimates, invoices or other documentation concerning damages sustained by the subject freightliner truck.

**REQUEST NO. 6**:        With respect to your answer to Interrogatory No. 11, please produce a photocopy and/or recording of any and all written, recorded, typed or videotaped statements taken from said witnesses.

**REQUEST NO. 7**:        Please produce a photocopy of any experts' reports, opinions, notes, tests, drawings, calculations, books, records, texts, computer generated materials, videos and photographs in connection with your answer to Interrogatory No. 12 and relative to how the subject accident occurred and/or the injuries sustained Plaintiffs.

**REQUEST NO. 8**:        If your answer to Interrogatory No. 13 is in the affirmative, please produce an exact photocopy of any and all photographs of the accident scene in question and/or of any of the vehicles involved, both prior and subsequent to February 26, 2021.

**REQUEST NO. 9**: If your answer to Interrogatory No. 14 is in the affirmative, please produce photocopies of any and all written statements identified therein.

**REQUEST NO. 10:** Please produce a photocopy of any and all documents, including those stored electronically, which would tend to support your contention that the Plaintiff caused or contributed to the subject accident.

**REQUEST NO. 11:** Please produce a copy of any documents given to Coast to Coast Transportation, LLC and/or Product Distribution Company, or Ahmad Shawqi, or filed by any governmental agency including, but not limited to, the Department of Transportation or Department of Labor, relative to the subject accident.

**REQUEST NO. 12:** Please produce a photocopy and/or recording of any and all statements made by Plaintiff and/or Defendants, their agents, employees, and/or representatives.

**REQUEST NO. 13:** Please produce a photocopy of any and all written or oral test required by your company of defendant, Ahmad Shawqi, both prior and subsequent to his date of hire and/or entering into a leasing agreement with him, specifying the nature of the test and the results thereof.

**REQUEST NO. 14:** Please produce a photocopy of Ahmad Shawqi's entire file relative to his employment and/or leasing agreement.

**REQUEST NO. 15:** Please a photocopy of any and all documents, accident reports, and/or any other written materials that you have in your possession and/or what you are able to acquire relative to any accidents, whether vehicular or work-related in nature, involving employee or lessee, Ahmad Shawqi, both prior and subsequent to February 26, 2021.

**REQUEST NO. 16:** If your company maintains a file concerning the subject accident, please produce a photocopy of any and all documents, including electronically stored information, contained in said file and relative to the subject accident.

11

**REQUEST NO. 17:**     Please produce a photocopy of the title, lease agreements and/or any other documents evidencing the ownership of the subject freightliner truck at the time of the subject accident.

**REQUEST NO. 18:**     Please provide a photocopy of the entire "driver log book" for Ahmad Shawqi in which the "log" for the route(s) taken by Ahmad Shawqi on February 26, 2021, and two days prior to the subject accident.

**REQUEST NO. 19:**     Please provide a photocopy of the entire "employer's log book" for Coast to Coast Transportation, LLC and/or Product Distribution Company, , in which the "log" for the route(s) taken by Ahmad Shawqi on February 26, 2021, and two days prior to the subject accident.

**REQUEST NO. 20:**     Please produce a photocopy of any and all documents related to the electronic control module (ECM), commonly known as a "black box", or "satellite location data" system and/or the extraction or download of any data with regard to the subject vehicle owned by Coast to Coast Transportation, LLC and/or Product Distribution Company, and which was involved in the subject collision.

**REQUEST NO. 21:**     Please produce a photocopy of any and all bills of lading for any shipments transported by Ahmad Shawqi, on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 22:**     Please produce a photocopy of any and all oversized permits or other applicable permits or licenses covering the vehicle or load on February 26, 2021.

**REQUEST NO. 23:**     Please produce a photocopy of Ahmad Shawqi's daily logs, together with all material required by 49 C.F.R. 396.8 and 395.15, for February 26, 2021 and six (6) months prior to the subject accident.

**REQUEST NO. 24:**      Please produce a photocopy of any and all driver vehicle inspection reports as required by 49 C.F.R. 396.11 for the subject freightliner truck involved in subject accident.

**REQUEST NO. 25:**      Please produce a photocopy of any and all daily inspection reports for the subject freightliner truck involved in subject accident.

**REQUEST NO. 26:**      Please produce a photocopy of any and all maintenance, inspection reports, repair records and/or work orders on the subject freightliner on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 27:**      Please produce a photocopy of any and all annual inspection reports for the subject freightliner on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 28:**      Please produce a photocopy of Ahmad Shawqi's complete driver's qualification file, as required by 49 C.F.R. 391-51, including but not limited to:

a. Application for employment

b. CDL license

c. Driver's certification of prior traffic violations

d. Driver's certification of prior collisions

e. Driver's employment history

f. Inquiry into driver's employment history

g. Pre-employment MVR

h. Annual MVR

i. Annual review of driver history

j.   Certification of road test

k.   Medical examiner's certificate

l.   Drug testing records

m.   HAZMAT or other training documents

**REQUEST NO. 29:**   Please produce an exact photocopy and/or recording of any and all photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in the subject accident, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

**REQUEST NO. 30:**   Please produce a photocopy of Ahmad Shawqi's post-collision alcohol and drug testing results.

**REQUEST NO. 31:**   Please produce a photocopy of any and all interchange agreements regarding the subject freightliner truck involved in subject accident.

**REQUEST NO. 32:**   Please produce a recording of any and all data and printouts from on-board recording devices including, but not limited to, the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the subject freightliner truck on February 26, 2021 and six (6) months prior to the subject accident.

**REQUEST NO. 33:**   Please produce a photocopy of any and all weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, regardless of type, regarding the driver or for the subject freightliner truck on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 34:**        Please produce a photocopy of any and all trip reports, dispatch records, trip envelopes regarding the driver or for the subject freightliner truck on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 35:**        Please produce a photocopy of any and all e-mails, electronic messages, letters, memos, or other documents concerning the subject accident.

**REQUEST NO. 36:**        Please produce a photocopy of the collision register maintained by the motor carrier as required by federal law on February 26, 2021 and one (1) year prior to the subject accident.

**REQUEST NO. 37:**        Please produce a photocopy of any and all drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

**REQUEST NO. 38:**        Please produce a photocopy of any and all reports, memos, notes, logs or other documents evidencing complaints about Ahmad Shawqi, both prior and subsequent to February 26, 2021.

**REQUEST NO. 39:**        Please produce a photocopy of any and all DOT or PSC reports, memos, notes or correspondence concerning Ahmad Shawqi and/or the subject freightliner truck.

**REQUEST NO. 40:**        Please produce a photocopy of any and all downloadable computer data from the subject freightliner truck's computer system including, but not be limited to, Electronic Control Modules, Event Data Recorders, Eaton VORAD collision warning system, and other similar systems.

**REQUEST NO. 41:**        Please produce a photocopy of any and all pre-trip inspection report completed by Ahmad Shawqi on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 42:**      Please produce a photocopy of any and all OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for Ahmad Shawqi and/or the subject freightliner truck on February 26, 2021 and six (6) months prior to the subject accident.

**REQUEST NO. 43:**      Please produce a photocopy of any and all settlement sheets and expense sheets for Ahmad Shawqi pertaining to trips taken on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 44:**      Please produce a photocopy of any and all accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by Ahmad Shawqi and/or the subject freightliner truck on February 26, 2021 and thirty (30) days prior to the subject accident.

**REQUEST NO. 45:**      Please produce a photocopy of any and all items documents, database, or other evidence associated in any way with the subject accident, Ahmad Shawqi and/or the subject freightliner truck.

**REQUEST NO. 46:**      Please produce a photocopy and/or recording of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in-cab communication device and corresponding invoices for each device on February 26, 2021 and seven (7) days prior to the subject accident.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

David A. Siegel, (No. 11870)
Attorney for Plaintiff
488 South Mendenhall

Memphis, Tennessee 38117
(901) 462-3352
dsiegel@nstlaw.com

*Served Contemporaneously With Complaint*